UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INS. CO., | Case No. 24-10474 |
| Plaintiff, | Mark A. Goldsmith |
| v. | United States District Judge |
| MAVERICK BOLEN, *et al.*, | Curtis Ivy, Jr. |
| Defendants. | United States Magistrate Judge |
| _____/ | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS BOLEN AND PATTERSON (ECF No. 17)**

**I.   BACKGROUND**

Plaintiff Metropolitan Life Insurance Co. initiated this interpleader action to determine who among the defendants is entitled to the decedent insured's life insurance proceeds.  The proceeds should purportedly go to one of two groups of the defendants: one group consists of Defendants Maverick Bolen and David Patterson, and the other group consists of Caroline Patterson, Caroline Williams, Dometric Seegers, and D'Artagnan Stackhouse.  Bolen and Patterson are the only defendants who have not answered the complaint.  Plaintiff sought and obtained a Clerk's entry of default against them.  (ECF Nos. 15, 16).  Plaintiff now moves for default judgment.  (ECF No. 17).  It asks the Court to find that Bolen and Patterson are not entitled to share in the judgment proceeds of this interpleader action and to

discharge Plaintiff from any further liability to Bolen and Patterson with regard to the benefits at issue.

Defendant Bolen filed a response to the motion purporting to respond for both him and Defendant Patterson. (ECF No. 21). The Court explained that Bolen cannot represent himself and Patterson. Patterson did not file a response on his own behalf. The Court gave Patterson until September 6, 2024, to file his response. (ECF No. 22). To date, Patterson has not filed a response. Other than Bolen's response, the motion is unopposed.

This case was referred to the undersigned to conduct all pretrial proceedings. (ECF No. 13). For the reasons below, the undersigned recommends that the Court enter default judgment against Patterson but not against Bolen. Bolen should be given a final opportunity to respond to the complaint.

## II.   ANALYSIS AND RECOMMENDATIONS

### A.   Governing Standards

That this is an interpleader action does not alter the basic obligations of the parties to respond and defend against the lawsuit. Under Rule 22, "[p]ersons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." Fed. R. Civ. P. 22(a)(1). This rule "provides a procedural framework for interpleader actions, but it does not confer subject matter

2

jurisdiction on federal courts." *Metro. Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 (6th Cir. 1997). When analyzing an interpleader claim, the court must determine whether the plaintiff has properly invoked interpleading by ascertaining: (1) whether the court has jurisdiction over the suit; (2) whether the stakeholder is actually threatened with double or multiple liability; and (3) whether any equitable concerns prevent the use of interpleader. *United States v. High Tech. Products, Inc.*, 497 F.3d 637, 641 (6th Cir. 2007) (citation omitted).

The undersigned finds that this interpleader action is available and is an appropriate remedy for the relief Plaintiffs seeks. The Court has jurisdiction over this matter under 28 U.S.C. § 1331 because this claim arises under the Employee Retirement Income Security Act. And Plaintiff risks exposure to double liability by adverse claimants because both groups of defendants could assert competing claims for the death benefits available under the plan. Finally, there are no equitable concerns preventing the use of interpleader here. *See Usable Life Co. v. Gann*, No. 1:09-CV-77, 2009 WL 4348588, at *1 (E.D. Tenn. Nov. 24, 2009) (citing *Pan Am. Fire & Cas. Co. v. Revere*, 188 F. Supp. 474, 480 (E.D. La. 1960) ("the only equitable ground necessary for interpleader . . . is exposure to double or multiple vexation")).

Under Federal Rule of Civil Procedure 55(a), after a Clerk's entry of default has been entered against a defendant for failure to appear and defend, that

defendant is deemed to have admitted all well-pleaded allegations related to liability. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995). Then, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b)(2). The decision to grant a default judgment is within the sound discretion of district court. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995). Under Rule 55(b)(2), the Court may enter default judgment without a hearing, but may conduct a hearing or make a referral if the Court needs to: (1) conduct an accounting; (2) determine the amount of damages; (3) establish the truth of any allegations by evidence; or (4) investigate any other matter. The decision to grant default judgment is within the Court's discretion. *See AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citations omitted).

"[A] defendant in an interpleader action who fails to answer or otherwise defend [himself] forfeits any claim of entitlement that [he] might have asserted." *McCain v. Phelps*, 2024 WL 3245605, at *3 (M.D. Tenn. June 28, 2024) (collecting cases).

  B. <u>Discussion</u>

    1. Defendant Patterson

In the view of the undersigned, David Patterson has forfeited any possible claim of entitlement to the decedent's benefits because he failed to answer the complaint or otherwise defend himself in this action. Patterson waived formal

4

service of the complaint on February 27, 2024. (ECF No. 6). His answer was due April 29, 2024. He did not file an answer. He also did not respond to the motion for default judgment despite being given extensions of time to do so. (ECF Nos. 19, 20, 22). Thus, default judgment should be entered against Patterson and Plaintiff should be discharged from any further liability to defendant Patterson under the life insurance policy at issue.

The other requirements of Rule 55 are met. The amount of the life insurance benefit is uncontested, so the Court need not conduct a further accounting. And the undersigned is satisfied that Patterson's default is sufficiently supported by evidence, including his signed returned waiver of service (ECF No. 6). Thus, the Court need not investigate any other matter as to the appropriateness of Patterson's default judgment. Thus, default judgment is appropriate.

      2.      Defendant Bolen

In Bolen's response to the motion for default judgment, he states that he is not a lawyer and he needed time to look into this matter after multiple hospital stays. He insists that he is entitled to the life insurance proceeds. He also says that Plaintiff's counsel was attempting communication with him through an email address he no longer uses. (ECF No. 21).

Rule 55(c) says that the Court may set aside an entry of default for good cause. Three factors should be considered: "(1) Whether the plaintiff will be

prejudiced; (2) Whether the defendant has a meritorious defense; and (3) Whether culpable conduct of the defendant led to the default." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 192 (6th Cir. 1986).

Bolen did not expressly move to set aside the entry of default, but considering that Bolen is representing himself, the undersigned takes a liberal view of his response as effectively seeking to set aside the entry of default.

That Plaintiff did not reply to Bolen's response suggests that it will not be seriously prejudiced if Bolen's entry of default is set aside. Bolen's response does not do much to advance a meritorious defense against the other group of defendants' entitlement to the insurance proceeds. Still, Bolen asserted that he was entitled to the proceeds because of a divorce decree. Because there is a greater interest in resolving disputes on the merits rather than on a technical error, the undersigned suggests that Bolen said enough, at this stage, to assert a meritorious defense. Lastly, Bolen's failure to timely answer the complaint appears to result from negligence instead of "an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct" on this case. *Shepard*, 796 F.2d at 194.

For these reasons, the entry of default against Bolen should be set aside and the motion for default judgment denied.[1] Bolen should be given one final opportunity to answer the complaint and defend this action.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's motion for default judgment (ECF No. 17) be **GRANTED IN PART** as to Defendant Patterson, but **DENIED IN PART** as to Defendant Bolen. Patterson should be deemed to have forfeited any claim to any benefits described in the complaint. The entry of default against Bolen should be set aside.

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

---

[1] The undersigned is aware that setting aside entry of default and denial of default judgment are handled by order instead of report and recommendation, but the undersigned includes it here to avoid any confusion for Defendant Bolen.

*Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

Date:  September 18, 2024.                s/Curtis Ivy, Jr.
                                          Curtis Ivy, Jr.
                                          United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on September 18, 2024.

                                          s/Sara Krause
                                          Case Manager
                                          (810) 341-7850

9