UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE INS. CO.,

      Plaintiff,                                     Case No. 24-cv-10474

v.                                                HON. MARK A. GOLDSMITH

MAVERICK BOLEN et al.,

      Defendants.
_____/

**<u>OPINION & ORDER</u>**
**<u>(1) ADOPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S SEPTEMBER 18, 2024 REPORT AND RECOMMENDATION (Dkt. 23), (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Dkt. 17), AND SETTING ASIDE ENTRY OF DEFAULT OF DEFENDANT MAVERICK BOLEN (Dkt. 15)</u>**

      This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Curtis Ivy, Jr. issued on September 18, 2024 (Dkt. 23). In the R&R, the magistrate judge recommends that the Court grant in part and deny in part Plaintiff Metropolitan Life Insurance Co.'s motion for default judgment (Dkt. 17).

      The parties have not filed objections to the R&R, and the time to do so has expired. <u>See</u> Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a <u>de novo</u> or any other standard, when neither party objects to those findings."); <u>Smith v. Detroit Fed'n of Teachers</u>, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); <u>Cephas v. Nash</u>, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or

omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, the Court grants in part and denies in part Metropolitan Life Insurance Co.'s motion for default judgment (Dkt. 17). The motion is granted as to Defendant David Patterson but denied as to Defendant Maverick Bolen. The Court sets aside the entry of default against Bolen (Dkt. 15).

SO ORDERED.

Dated: October 8, 2024  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 8, 2024.

_____
Case Manager